33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles A. RHINEHART, aka Charles A. Withers, Plaintiff-Appellant,
v.
Samuel LEWIS; Dorothy Vigil; Art Sayre; Rebecca Matthews;
Yolanda Martinez; and Mary Santin, Defendants-Appellees.
 No. 92-17092.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided Aug. 25, 1994.
 
 1
 Before: LEAVY and KLEINFELD, Circuit Judges, and MARSH, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Rhinehart argues that the district court violated Local Rule 3(a)(2) by not providing him with a copy of his deposition as a pro se litigant and that as a consequence his constitutional rights were violated. Local Rule 3(a)(2) states in relevant part:
 
 
 4
 Unless ordered by the Court, Deposition[s] ... shall not be filed with the court, except that a "Notice of Service" of the foregoing papers on opposing counsel shall be filed with the Court. Filing the Notice of Taking Deposition required by Rule 30(b)(1) of the Rules of Civil Procedure will satisfy the requirements of filing a "Notice of Service" with respect to depositions....
 
 
 5
 Local Rule 3(a)(2) is not violated. The second sentence provides that the requirements of the local rule are satisfied simply by filing a Notice of Taking Deposition with the district court pursuant to Federal Rule of Civil Procedure 30(b)(1). Moreover, the record indicates that Judge Bilby did not order a free copy of the deposition to be provided to the appellant.
 
 
 6
 Assuming without deciding that Rhinehart had procedural and substantive rights regarding his dormitory assignment, he did not bear his burden, in opposition to the summary judgment motion, of demonstrating any deprivation of these rights. He got his hearing under section 4.6.3 of the prison's Internal Management Procedure No. 301.19-C-RIN. His claim of discrimination without evidence of discrimination could not survive a summary judgment motion. Likewise, his claim of discrimination regarding pay to legal assistants was not supported by evidence.
 
 
 7
 We assume without deciding that the racial segregation of prison cell assignments, claimed by Rhinehart, is unconstitutional, and that Rhinehart presented evidence sufficient to establish a genuine issue of fact regarding such segregation. Nevertheless summary judgment was properly granted on this claim because he did not provide any evidence that any of the named defendants still in the lawsuit at the time of summary judgment had any personal participation in the claimed conduct. Taylor v. List, 880 F.2d 1040 (9th Cir.1989). "Liability under section 1983 arises only upon a showing of personal participation by the defendant." Taylor, 880 F.2d at 1045.
 
 
 8
 Rhinehart does not present any argument on appeal concerning his claim that his mail was interfered with. Accordingly, that claim is deemed waived.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Malcolm F. Marsh, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3